# F. M. MUNDINE V. MARKS BERWIN.

## IN SUPREME COURT, TYLER TERM, 1884.

*Mechanic's Lien*—A written contract, made after the work is done and labor per-
formed, if such is the clearly expressed intention of the parties, and, the contract
is recorded as the statute provides, will operate to fix and secure the mechanic's
lien.

*Same—Registration.*—Such contract may be recorded before the debt evidenced
by it becomes due.

Appeal from Milam county.

This cause comes before us without a statement of facts, and with-

out bill of exceptions, and in such case, if the petition states a cause of action on which the judgment might legally have been rendered, on proof of the facts alleged, then the judgment must be affirmed.

The instrument sued on is made a part of the petition, together with its certificate of authentication for record and certificate of record. The written assignment of whatever right that instrument conferred on Lyon is also made an exhibit to the petition. The instrument is as follows :

STATE OF TEXAS, }
    COUNTY OF MILAM.   }   Know all men by these presents, that I F. M. Mundine, of Lee county, Texas. for and in consideration of work done and labor performed for me by J. L. Lyon, a mechanic, upon and in the construction of a certain three story brick building, situated on the south end of lot 1, 2 and 3, in block 3, in the city of Rockdale, in Milam county, Texas, at the junction of Main and Milam streets, and fronting 59 feet on Main street, and 81 feet on Milam street, have this day granted and given, and by these presents do grant and give unto the said J. L. Lyon; a mechanic's lien, in, and upon the house aforesaid, and the said parts of lots in said block, "in order to secure him in the payment" of the sum of three hundred and seventy-two dollars and fifty-seven cents. The amount due by me to the said J. L. Lyon at this date, for the said work done and labor performed on said building in its construction, and I further agree to pay him the sum of three hundred and seventy-two dollars and fifty-seven cents, on the first day of November, A. D., 1881, with 12 per cent per annum interest from this date, and I hereby give this lien as a mechanic's lien under chapter 27, title 61, of the Revised Statutes of the State of Texas.

In witness, whereof, I hereunto set my hand, this 21st day of November, A. D., 1880.

F. M. MUNDINE.

This contract was duly acknowledged on the same day of its execution, and was duly recorded in the county clerk's office of Milam county, Texas, on the 2nd day of December, A. D., 1880. And this contract was duly transferred by Lyon to the plaintiff in writing rendered thereon, for a valuable consideration, if the averments of the petition are true. If the labor performed by Lyon was such, and was done under such circumstances, as would have enabled him

establish a mechanic's lien on the property by complying with the statute, we do not see that the written contract, made after the work was done and the labor performed, would not, when such is clearly expressed to be the intention of the parties, as fully give even the mechanic's lien as would the written contract if made prior to the time the work was done, if the written contract was recorded as provided by statute.

If, however, this was not so, the instrument made a part of the petition would create an express lien by contract which the courts would enforce, and in so far as the contract refers to the statute which is intended to provide a means by which mechanics may establish liens, it cannot be held to have been intended by the parties to require more than that the instrument evidencing the contract, should be recorded within the time and in the manner required by the statute.

It is, however, contended that a contract evidencing the facts, which, upon compliance with the law, fixes the lien, cannot be recorded *before* the debt becomes due, but must be recorded *after* the debt becomes due in order to fix and secure the lien. Such a construction cannot be given the words of the statute, and would be at war with its spirit and intent.

The statute provides : "In order to fix and secure the lien herein provided for, the person or firm, contractor, mechanic, laborer, artisan or lumber dealer furnishing material shall have the right at any time, within six months after such debt becomes due, to file his contract in the office of the county clerk of the county in which such property is situated, and cause the same to be recorded in a book to be kept by the county clerk for that purpose." Rev. St., 3165.

This statute simply places a limitation of time within which the contract must be filed in order to fix the lien, and certainly was not intended to operate as declarative that the recording of the contract before the debt was due, should not be as effective in fixing the lien, as though it was recorded after the debt became due. The object and purpose of the law would encourage the recording of the contract at the very earliest practicable moment, that all persons may know of the existense of the lien.

The judgment is affirmed.                              Stayton, J.